WILLIAM BLUMENTHAL
General Counsel

Colleen B. Robbins, NJ# 027091997
LaShawn M. Johnson, DC# 475164
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
Ph. (202) 326-2548; Fax (202) 326-3395

Christopher J. Christie
UNITED STATES ATTORNEY
Susan J. Steele, Chief, Civil Division
970 Broad Street, Suite 700
Newark, NJ 07102
Ph. (973) 645-2920
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>Clifton Telecard Alliance One LLC,<br>d/b/a Clifton Telecard Alliance and CTA,<br>Inc., and<br><br>Mustafa Qattous, individually and as an<br>officer of Clifton Telecard Alliance One<br>LLC, d/b/a Clifton Telecard Alliance and<br>CTA, Inc.,<br><br>Defendants. | CIVIL ACTION NO. 08-1480 (PGS) |

## TEMPORARY RESTRAINING ORDER AND
## ORDER TO SHOW CAUSE

Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), has filed a Complaint for Injunctive and Other Equitable Relief, and has moved for a Temporary Restraining Order and for an Order to Show Cause why a preliminary injunction should not be granted pursuant to Rule 65 of the Federal Rules of Civil Procedure.

## **FINDINGS**

The Court has considered the pleadings, exhibits, and memoranda filed in support of the Commission's motion, and Defendants' responses thereto, and finds that:

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto;

2. There is good cause to believe that Defendants Clifton Telecard Alliance One LLC, d/b/a Clifton Telecard Alliance and CTA, Inc. and Mustafa Qattous, individually and as an officer of Clifton Telecard Alliance One LLC, d/b/a Clifton Telecard Alliance and CTA, Inc. ("CTA"), have engaged and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the Commission is therefore likely to prevail on the merits of this action;

3. There is good cause to believe that: (1) CTA advertises to consumers that purchasers of CTA's prepaid calling cards will receive a specified number of minutes of talk time to specific countries from its prepaid calling cards, but in fact, purchasers receive substantially fewer minutes than Defendants promise; (2) CTA fails to disclose or disclose adequately to consumers that fees will reduce the value of its prepaid calling cards, which in turn will reduce the number of minutes of talk time provided by its calling cards; and (3) fails to disclose or disclose adequately to consumers that the value of CTA's prepaid calling cards will be reduced when a purchaser attempts to place a call that is not connected.

4. There is good cause to believe that Defendants will continue to engage in such unlawful actions if they are not immediately restrained from doing so by Order of this Court;

5. Weighing the equities and considering the Commission's likelihood of ultimate success, it is in the public interest that the Court enter a Temporary Restraining Order which: (1) enjoins Defendants from making misrepresentations and from failing to disclose or disclose adequately fees and charges; (2) appoints a temporary monitor; (3) requires Defendants to preserve their business records; and (4) provides other equitable relief;

6. No security is required of any agency of the United States for issuance of a restraining order. Fed. R. Civ. P. 65(c).

## ORDER

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. **"Corporate Defendant"** means Clifton Telecard Alliance One LLC, d/b/a Clifton Telecard Alliance, and CTA, Inc., and its successors, assigns, affiliates or subsidiaries.

2. **"Individual Defendant"** means Mustafa Qattous.

3. **"Defendants"** mean, individually, collectively or in any combination: Clifton Telecard Alliance One LLC, d/b/a Clifton Telecard Alliance, CTA, Inc.; Mustafa Qattous; and all persons or entities in active concert or participation with any of the foregoing who receive notice of this Order by personal service or otherwise. (Fed. R. Civ. P. 65(d)).

4. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rule of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronically-stored information, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data,

advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data stored in any medium from which information can be obtained and translated. A draft or non-identical copy is a separate document within the meaning of the term.

5. **"Clear and prominent"** shall mean as follows:

   A. In a print advertisement, promotional material, or instructional manuals, the disclosure shall be in a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background against which it appears. In multi-page documents, the disclosure shall appear on the cover or, alternatively, on the first page where any price representation is made.

   B. In an advertisement communicated through an electronic medium (such as television, video, radio, and interactive media such as the Internet and online services), the disclosure shall be presented simultaneously in both the audio and video portions of the advertisement.

Provided, however, that in any advertisement presented solely through video or audio means, the disclosure may be made through the same means in which the advertisement is presented. The audio disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it. The video disclosure shall be of a size and shade, and shall appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend it. In addition to the foregoing, in interactive media the disclosure shall also be unavoidable and shall be presented prior to the consumer incurring any financial obligation.

  C. On a product label which includes any price representation, the disclosure shall be in a type size and location on the principal display panel sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background against which it appears.

  D. The disclosure shall be in understandable language and syntax. Nothing contrary to, inconsistent with, or in mitigation of the disclosure shall be used in any advertisement or on any label.

6. **"Material"** means any information or fact which is likely to affect a consumer's choice of, or conduct regarding, a product or service.

7. **"PIN"** means a unique personal identification number assigned to a Prepaid

Calling Card to access the value of the Prepaid Calling Card.

8. **"Point of Sale Material"** means any poster, sign, bulletin, advertisement, "take one" card, or other promotional material that is displayed at a location where a Prepaid Calling Card is sold; such locations include but are not limited to stores, kiosks, and vending machines as well as online points of sale.

9. **"Prepaid Calling Card"** means a card or other means of providing information that can be used to make telephone calls, often at specified rates, that is paid for prior to placing the telephone call.

# I

# CONDUCT PROHIBITIONS

**IT IS HEREBY ORDERED** that Defendants, directly or indirectly through any subsidiary, distributor, or other device, in connection with the advertising, promotion, distribution, offer for sale, or sale of Prepaid Calling Cards, are hereby temporarily restrained and enjoined from:

A. Falsely representing, expressly or by implication, the number of talk minutes a consumer will actually obtain by using a Prepaid Calling Card;

B. In connection with any specific price representation for a Prepaid Calling Card, such as "$2.00 for 30 minutes," failing to make a clear and

prominent disclosure, in close proximity to that price representation, of the existence and specific amount of any connection, service, and/or other fees and charges that will be assessed; and

C. Failing to make a clear and prominent disclosure that their Prepaid Calling Cards will be reduced in value even if a consumer places a call that is not connected.

## II

## APPOINTMENT OF TEMPORARY MONITOR

**IT IS FURTHER ORDERED** that _____ ~~is~~ shall appointed as Temporary Monitor for the Corporate Defendant. The Temporary (PGS) Monitor shall be the agent of this Court, and solely the agent of this Court, in acting under this Order. The Temporary Monitor shall be accountable directly to this Court.

## III.

## TEMPORARY MONITOR'S DUTIES AND AUTHORITY

**IT IS FURTHER ORDERED** that the Temporary Monitor shall have the following duties and authority:

A. Monitor the Corporate Defendant's compliance with this Order by:

(1) identifying and reviewing the Corporate Defendant's advertising

materials, marketing materials, Point of Sale Material, call logs, rate decks, reports, or other documents that reflect advertised versus actual delivered minutes and disclosures of fees and charges; (2) testing the Corporate Defendant's Prepaid Calling Cards; and (3) whatever other means the Temporary Monitor finds appropriate;

B. Identify and review the Corporate Defendant's corporate records and financial transactions from the date of this Order through the scheduled Preliminary Injunction hearing as they relate to the practices charged in the FTC complaint and ensure that all such related documents are preserved;

C. The Temporary Monitor shall have immediate, unfettered access to all information the Temporary Monitor deems necessary to carry out the Temporary Monitor's duties pursuant to this Order, to the same extent as the Corporate Defendant itself is allowed by right, contract, or practice, including but not limited to:

1. Access to all documents pertaining to the Corporate Defendant's business activities and finances wherever located and in whomever's custody or control;

2. Access to all property or premises in possession of, owned by,

or under the control of the Corporate Defendant, wherever located;

3. The right to interview any current employee of the Corporate Defendant;

4. The right to interview any current officer, independent contractor, subcontractor, financial institution, vendor, telecommunications provider, agent, service bureau, or other entity involved in the provision of any service from, to, or on behalf of the Corporate Defendant;

5. The right to monitor and observe any officer, independent contractor, subcontractor, advertising agency, vendor, telecommunications provider, agent, service bureau, or other entity involved in the provision of any services from, to, or on behalf of the Corporate Defendant; and

6. Access to all documents of any officer, independent contractor, employee or agent of the Corporate Defendant; and

D. The Temporary Monitor is authorized to choose, engage, and employ attorneys, investigators, accountants, appraisers, and other independent contractors and technical specialists, as the Temporary

Monitor deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order.

## IV

## REPORTING BY THE TEMPORARY MONITOR

**IT IS FURTHER ORDERED** that the Temporary Monitor is authorized and directed to prepare and submit a Report to this Court and to the parties, not less than three (3) days prior to the scheduled Preliminary Injunction hearing, describing the Corporate Defendant's business activities, including, but not limited to:

- A. The Corporate Defendant's compliance with this Order;
- B. An accounting from the date of this Order through the scheduled Preliminary Injunction hearing of the Corporate Defendant's financial transactions as they relate to the practices charged in the FTC complaint; and
- C. A description of CTA's corporate structure, including all parents, subsidiaries (whether wholly or partially owned), divisions (whether incorporated or not), affiliates, branches, charters, joint ventures, partnerships, franchises, operations under assumed names, any entities over which the Corporate Defendant exercises supervision or control,

and all ownership interests of the Corporate Defendant and any of the entities described above.

## V

## COOPERATION WITH THE TEMPORARY MONITOR

**IT IS FURTHER ORDERED** that Defendants and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Temporary Monitor. This cooperation and assistance shall include, but not be limited to, providing information to the Temporary Monitor that the Temporary Monitor deems necessary in order to discharge the responsibilities of the Temporary Monitor under this Order; and providing any password required to access any computer, electronic file, or telephone data in any medium. Defendants are hereby restrained and enjoined from directly or indirectly:

    A.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Corporate Defendant; or

    B.    Failing to provide any assistance or information requested by the Temporary Monitor in connection with the performance of the Temporary Monitor's duties under this Order.

## VI

## REPORTING TO THE TEMPORARY MONITOR

**IT IS FURTHER ORDERED** that the Corporate Defendant and Individual Defendant are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the Temporary Monitor with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

## VII

## COMPENSATION OF TEMPORARY MONITOR

**IT IS FURTHER ORDERED** that the Temporary Monitor and all personnel hired by the Temporary Monitor, including counsel to the Temporary Monitor and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets of the Corporate Defendant. The Temporary Monitor shall file with the Court and serve on the parties a request

for the payment of such reasonable compensation following the Preliminary Injunction Hearing in this case.

## VIII

## PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that the Corporate Defendant and Individual Defendant are hereby temporarily restrained and enjoined from altering, destroying, mutilating, falsifying, erasing, concealing, writing over, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records of any kind that relate to the business practices or business or personal finances of the Defendants, including but not limited to: any and all computer data and storage media (including but not limited to floppy disks, hard drives, CD-ROMS, zip disks, punch cards, magnetic tape, backup tapes, and computer chips and any and all equipment needed to read any such material), contracts, accounting data, correspondence, advertisements (including, but not limited to, advertisements placed on the World Wide Web or the Internet), FTP logs, Service Access Logs, USENET Newsgroups postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or

personal income or property tax returns, and other documents or records of any kind that relate to the business practices or business or personal finances of the Corporate Defendant or Individual Defendant.

## IX

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that the Corporate Defendant and Individual Defendant shall immediately provide a copy of this Order to each distributor, sub-distributor, subsidiary, telecommunications service provider, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, agent, and attorney of the Corporate Defendant and Individual Defendant, and spouse of the Individual Defendant, and shall, within ten (10) days from the date of entry of this Order, provide the Commission with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, and e-mail addresses of each such person or entity who received a copy of the Order.

## X

## SERVICE OF PLEADINGS

**IT IS FURTHER ORDERED** that the Corporate Defendant and Individual Defendant shall each serve on the Commission all memoranda, affidavits and other

15

evidence on which they intend to rely at the preliminary injunction hearing set in this matter not later than 4:00 p.m. (Eastern time) on the second day prior to the hearing date, and if applicable, the Commission shall serve on the Corporate Defendant and Individual Defendant any additional memoranda, affidavits and other evidence on which they intend to rely at the preliminary injunction hearing set in this matter not later than 4:00 p.m. (Eastern time) on the second day prior to the hearing date.

## XI

## DURATION OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on April 1, 2008 at 1 30, unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed ten (10) days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

## XII

## ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that each Corporate Defendant and Individual Defendant shall appear before

this Court on the 18th day of June, 2008, at 9:30 a.m., to show cause, if any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against the Corporate Defendant and Individual Defendant, enjoining them from further violations of Section 5(a) of the Federal Trade Commission Act, continuing the appointment of the Temporary Monitor, and imposing such additional relief as may be appropriate.

## XIII

## SERVICE UPON PLAINTIFF

**IT IS FURTHER ORDERED** that, with regard to any correspondence or pleadings related to this Order, service on the Commission shall be performed by overnight federal express or other private carrier and directed to the attention of Colleen Robbins and LaShawn Johnson at the Federal Trade Commission, 600 Pennsylvania Avenue, NW, Room H-286, Washington, DC 20580.

## XIV

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED,** this 28 day of March, 2008, at _____.m.

_____
UNITED STATES DISTRICT JUDGE